# Cohen *v.* Tradesmen's National Bank, Appellant.

*Banks and banking—Dishonor of check—Negligence of collecting bank—Damages—Substantial damages.*

Where a bank receives from a depositor a check for $29.15 for collection, and instead of sending it to the bank on which it is drawn negligently sends it to another bank, and this bank returns the check to the collecting bank with the endorsement "W. B." meaning wrong bank, and the check is then returned "not provided for" to the depositor, the collecting bank will be liable, on account of its negligence, to the maker of the check, and a verdict and judgment for $250 against it will be sustained; and this is the case although the maker suffered no actual money loss.

Argued Oct. 9, 1917. Appeal, No. 212, Oct. T., 1917, by defendant, from judgment of Municipal Court, Philadelphia Co., Feb. T., 1917, No. 66, on verdict for plaintiff in case of Emanuel Cohen v. Tradesmen's National Bank. Before ORLADY, P. J., HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Trespass to recover damages for dishonoring a check. Before KNOWLES, J.

The facts are stated in the opinion of the Superior Court.

Verdict and judgment for plaintiff for $250. Defendant appealed.

*Error assigned,* amongst others, was in refusing binding instructions for defendant.

*Charles Biddle,* with him *Bayard Henry,* for appellant. —The defendant bank was not liable: Lentz v. Choteau, 42 Pa. 435; Heil v. Glanding, 42 Pa. 496; Penna. R. R. Co. v. Books, 57 Pa. 339.

The distinction between the case at bar and the case of a depositor is clearly shown in the cases of Smith v. Western Union Telegraph Co., 150 Pa. 561, and the case

of Eckel v. Murphey, 15 Pa. 488; Patterson v. Marine
Nat. Bank, 130 Pa. 419.

*Charles E. Bartlett,* for appellee.—Where a right or
duty is created wholly by contract, it can only be en-
forced between the contracting parties. But where the
defendant has violated a duty imposed upon him by the
common law, he is liable and to every person injured
whose injury is the natural and probable consequence of
the misconduct: McDonald v. Snelling, 14 Allen (Mass.)
290; R. R. Co. v. Bingham, 29 Ohio 364.

In Pennsylvania, a bank that receives a check from a
depositor on another bank, is his collecting agent; nor is
this relation discharged by crediting the check as cash:
Hazlett v. Com. N. Bank, 132 Pa. 118; Rapp v. Nat-
Sec. Bank, 136 Pa. 426.

The amount of the damage was fixed in this case by the
jury at $250; hardly sufficient to be called nominal dam-
age. It was the province of the jury to find this damage
under proper instructions from the court, and the trial
judge throughout his charge carefully explained to the
jury what was meant by substantial damage: Weiner v.
North Penn Bank, 65 Pa. Superior Ct. 291; Penna. Title
& Trust Co. v. Meyer, 201 Pa. 299; Paterson v. Marine
Nat. Bank, 130 Pa. 419.

OPINION BY TREXLER, J., March 2, 1918:

The plaintiff sent his check for $29.15 in payment of
his dues to the treasurer of a club of which he was a
member. The treasurer deposited the check in his ac-
count at his banker's who in turn deposited it with the
Tradesmen's National Bank, the defendant, for collec-
tion. Instead of forwarding the check to the Southwark
National Bank on which it was drawn, the defendant by
mistake sent it to the Kensington National Bank. It
was returned with the letters "W.B." signifying "wrong
bank" endorsed thereon. Whereupon the defendant
bank through an error of its clerk returned it to the

plaintiff's bank as "not provided for" confusing the letters "W.B." with "N.F." which is usually endorsed when a check is not provided for, meaning "no funds."

The plaintiff has lost no money through the transaction but has brought suit for substantial damages by reason of his check being returned dishonored when he had ample funds in the bank to meet it.

Two questions are presented. Did the defendant owe any duty to the plaintiff and if so, is the plaintiff entitled to substantial damages irrespective of the fact that no actual loss was shown?

There are a number of cases that hold that when a depositor's check is improperly dishonored by the bank having his account, he may recover substantial damages for the injury done to him: Weiner v. North Penn Bank Inc., 65 Pa. Superior Ct. 290, and cases therein cited: Love v. Tioga Trust Co., 68 Pa. Superior Ct. 447. The appellant seeks to confine the decisions to the relation existing between a bank and its depositor and a reading of the cases discloses that such relation existed in each case. It remains for us to consider whether the application of the principle is thus limited. When the plaintiff's payee gave the check for collection to his bankers and they in turn deposited it with the defendant bank they were all acting with a common purpose and were each a medium employed to transmit the check to the bank against which it was drawn. They were all links in the chain. The first bank receiving this check for collection was charged with the duty of transmitting it to a responsible agent to collect the money. The agent to whom the instrument was sent either to make demand for payment or to further transmit it to some one for that purpose became the agent of the depositor "and is liable to such depositor for loss arising from failure on his part to perform the duty which is incident to an undertaking to collect the money": Merchants Nat. Bank v. Goodman, 109 Pa. 422 (427). The agent in default may be sued directly by the owner

of the paper who is the original principal of the whole series and this is so irrespective of whether the first bank is considered as responsible for the other agents or whether each be an independent agent: Morse on Banks and Banking, 5th Ed., Section 250. In Pennsylvania the rule prevails that the forwarding bank is required merely to select a suitable and competent agent and with that its responsibility ends: Farmers National Bank v. Nelson, 255 Pa. 455.

Ordinarily, if by the failure to present or protest or any other negligence of a like kind the owner is not able to collect the amount of the paper transmitted his damages are the amount due on the paper. When the negligence of the bank results in a refusal of payment of a check for which there are funds provided is it relieved from responding in damages by reason of the fact that no actual money loss can be shown? We think the same principle that is applicable to a bank negligently dishonoring its depositor's check applies to a bank whose act causes such a situation to arise, although the person affected is not its depositor. We do not see why there should be any greater liability between the bank who has the depositor's money and one who transmits his paper for collection. They both owe a duty to him and he has a right to rely upon both maintaining the accurate standards which are required for the proper conducting of the banking business.

Whether or not the damages should be substantial is not determined by the relation of the parties but by the nature of the injury done. The reason for substantial damages for the dishonor of a check is analogous to that in actions of slander where the words are actionable per se. If we are right in our conclusion that damages are recoverable it necessarily follows that they should be substantial. It would be an anomaly to hold, conceding that a duty is present in each relation, that a bank negligently dishonoring a depositor's check shall respond with substantial damages whilst another bank who

through its negligence causes the dishonoring of a check, need not so respond.

We are of the opinion that the plaintiff was entitled to substantial damages in this case and that the judgment of the lower court is correct.

The judgment is affirmed.

HEAD, J., dissents.